UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Scott Abram

    v.                                                      Civil No. 07-cv-272-PB

Richard Gerry, Warden,
New Hampshire State Prison

**O R D E R**

Pursuant to 28 U.S.C. § 2254, Scott Abram has filed a petition for a writ of habeas corpus and amendments thereto, challenging the constitutionality of his state court conviction and confinement (document nos. 1, 3 and 4). See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule") (requiring initial review to determine whether the petition is facially valid). As discussed below, I find that Abram has sufficiently demonstrated the facial validity of his petition to allow it to proceed at this time.

Background

This action stems from Abram's conviction of sexual assault charges and related offenses involving his minor step-children. In 1997, Abram married a woman who had three children, A.A., C.A. and K.A. He and his wife had two children together, M.T. and

J.T.  In November 2000, the family moved to Concord, at which time A.A. and C.A. were eleven and nine years old, respectively. See State v. Abram, 153 N.H. 619, 620, 903 A.2d 1042, 1044 (2006).  On November 4, 2002, A.A. and C.A. revealed to Abram's wife that he had been sexually abusing them over a significant period of time.  Abram was subsequently arrested and indicted on multiple charges of aggravated felonious sexual assault and related offenses, arising from the abuse he inflicted between November 2000 and November 2002.  See id. at 622, 903 A.2d at 1046.

Before trial, Abram moved to sever the charge involving only A.A. from the charges involving only C.A., and to further sever the charges arising from certain acts that occurred in September 2002.  "The trial court denied the motion, finding that the acts fell within 'the common plan' rule for joinder."  See id. at 622-23, 903 A.2d at 1046.  The trial court further granted the state's motion in limine, thereby precluding the admission of evidence concerning the victims' allegations that Abram had sexually abused their younger brothers, K.A. and M.T.  Id.

On April 6, 2004, Abram was convicted by the New Hampshire Superior Court (Merrimack County) of twenty-one counts of

aggravated felonious sexual assault, four counts of endangering the welfare of a child, and three counts of indecent exposure and lewdness.  He is currently incarcerated at the New Hampshire State Prison ("NHSP"), where he is serving a combined sentence totaling 50 to 100 years.  Abram appealed his conviction and sentence to the New Hampshire Supreme Court ("NHSC").  While he has not provided this court with a copy of his state court appeal or identified the precise issues raised therein, a published NHSC decision reveals that Abram presented the following issues to the NHSC for review:

> (1) the trial court erred by denying his motion to sever the charged offenses; and
>
> (2) the trial court erred by granting the State's motion in limine to preclude the cross-examination of the victims, or the admission of extrinsic evidence, concerning the victims' allegations that he had sexually abused K.A. and M.T; such error allegedly violated Abram's due process and confrontation rights under the Fifth, Sixth and Fourteenth Amendments.

Id. at 619, 903 A.2d at 1042.  On June 13, 2006, the NHSC reviewed his case and affirmed in part, reversed in part[1] and

---

[1] The NHSC reversed the convictions on nine indictments.  The court reasoned that it could not conclude, beyond a reasonable doubt, that the verdict concerning the nine unrelated offenses was not affected by the error of misjoinder.  Id. at 630, 903 A.2d at 1051.

3

remanded.  Specifically, the court held that:

    (1)    trial court did not abuse its discretion by joining charges of aggravated felonious sexual assault and endangering the welfare of a child that occurred prior to and during the incident in which defendant assaulted the child victim and forced the child victim and other child victim to engage in sexual acts with each other;

    (2)    nine charges of aggravated felonious sexual assault involving both child victims, arising from acts that occurred, or could have occurred, after the incident, were not related to charges stemming from sexual abuse that occurred prior to and during the incident, and thus the nine charges were improperly joined with the other charges for trial;

    (3)    trial court's error in joining for trial the nine charges with the 17 charges stemming from sexual abuse that occurred prior to and during the incident was harmless in regard to the verdict reached on the charges 17, but not harmless in regard to the verdict reached on the nine charges;

    (4)    trial court did not abuse its discretion, or violate defendant's due process and confrontation rights under the Fifth, Sixth and Fourteenth Amendment rights, by granting the State's motion in limine to preclude admission of evidence concerning the child victims' allegations that defendant had sexually abused their younger brothers;

    (5)    trial court's application of the "demonstrably false" requirement to the particular facts at bar did not violate defendant's due process and confrontation rights under state and federal law[2];

---

[2]The trial court granted the state's motion in limine on the grounds that the Abram failed to prove that the prior allegations

        and

    (6)   trial court's act in excluding evidence of a child victim's prior allegations that defendant had sexually abused their younger brothers did not violate defendant's right to due process and confrontation without a showing that the allegations were false.

Id. at 623-33, 903 A.2d at 1046-55. According to Abram, he was not granted a new trial and was re-sentenced to 50 to 100 years in the NHSP. On June 1, 2007, he allegedly filed a second appeal in which he challenged his sentence. The record is silent as the pendency of that appeal.

    Abram now brings the instant federal habeas corpus petition in which he raises the following ground for relief: the trial court imposed unreasonable limitations on the cross-examination of the child victims, in violation of Abram's Fourteenth Amendment right to due process and his Sixth Amendment right to confront and cross-examine adverse witnesses. In support of his claim, Abram argues that the NHSC's reliance upon the clear and convincing standard was unconstitutional under the Sixth Amendment and "contrary to the right to reasonable cross-examination.".

---

of sexual assault were 'demonstrably false' under State v. White, 145 N.H. 544, 548, 765 A.2d 156 (2000) (holding that "demonstrably false" means "clear and convincingly untrue").

## Standard of Review

In reviewing a pro se petition, this Court must construe the pleadings liberally, see Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976)), treating all well-pleaded factual allegations as true and drawing all reasonable inferences in the litigant's favor, see Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that pro se pleadings are given fair and meaningful consideration.  See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).

## Discussion

### I. Custody and Exhaustion

To be eligible for habeas relief, Abram must show that he is in custody and has exhausted all state court remedies (or that he falls within a narrow category of cases in which exhaustion is not required, such as the absence of an available or effective state corrective process).  See 28 U.S.C. § 2254(a) & (b); see also Duncan v. Henry, 513 U.S. 364, 365 (1995).  He satisfies the first requirement as he is currently incarcerated at the NHSP and thus is in custody.  For the reasons stated below, he also satisfies the exhaustion requirement as to the ground raised in

his federal petition.

A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's federal constitutional claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing Duncan, 513 U.S. at 365-66 (requiring petitioner to "fairly present" his claim in the appropriate state courts, including a state supreme court with powers of discretionary review, thereby alerting that court to the federal nature of the claim)).  "[T]he exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application."  Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997).

In the instant petition, Abram alleges the following ground for federal habeas corpus relief: the trial court imposed unreasonable limitations on the cross-examination of the child

victims, in violation of his Fourteenth Amendment right to due process and his Sixth Amendment right to confront and cross-examine adverse witnesses.  See Delaware v. Van Arsdall, 475 U.S. 673, 678-79 (1986) (declaring cross-examination as essential constitutional right for a fair trial, subject to "reasonable limits" reflecting concerns such as harassment, prejudice, confusion of the issues or delay incident to "marginally relevant" evidence); See also Davis v. Alaska, 415 U.S. 308, 315 (1974) (holding that the Sixth Amendment guarantees the right of an accused in a criminal prosecution "to be confronted with the witnesses against him", and holding that "to deprive an accused of the right to cross-examine the witness against him is a denial of the Fourteenth Amendment's guarantee of due process of law"); Pointer v. Texas, 380 U.S. 400, 403 (1965) (holding that "the Sixth Amendment's right of an accused to confront witnesses against him is . . . a fundamental right and is made obligatory on the States by the Fourteenth Amendment").  In support of his claim, Abram contends that the NHSC's reliance upon the clear and convincing standard was unconstitutional under the Sixth Amendment and contrary to the right to reasonable cross-examination.

   The record indicates that Abram presented the above ground

in his initial appeal filed with the NHSC.  Without commenting on the merits of his claim, I conclude that for purposes of preliminary review Abram has demonstrated exhaustion of state court remedies.  I therefore find that the claim presented here, including the federal nature of the claim, has been properly exhausted to allow Abram's federal habeas corpus action to proceed at this time.

## Conclusion

Accordingly, I direct that Abram's petition be served on the respondent.  See Habeas Rule 4.  The respondent shall file an answer or other pleading in response to the allegations made therein.  See id. (requiring reviewing judge to order a response to the petition).  The Clerk's Office is directed to serve the New Hampshire Office of the Attorney General, as provided in the Agreement On Acceptance Of Service, copies of this order and the habeas petition (document nos. 1, 3 and 4).  Respondent shall answer or otherwise plead within thirty (30) days of the date of this order.  The answer shall comply with the requirements of Habeas Rule 5 (setting forth contents of the answer).

Upon receipt of the response, the court will determine whether a hearing is warranted.  See Habeas Rule 8 (providing circumstances under which a hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper, after the petition, shall be served on all parties.  Such service is to be made by mailing the material to the parties' attorneys.

**SO ORDERED.**

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date: November 8, 2007

cc:   Paul J. Garrity, Esq.
      Stephen Fuller, Esq.