UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Scott Abram

    v.                                                     Civil No. 07-cv-272-JL

Warden, New Hampshire
State Prison


**O R D E R**

      Scott Abram has filed a petition, pursuant to 28 U.S.C. § 2254, for relief from his state court conviction.  Both Abram and the Warden have moved for summary judgment.

      Abram, who is represented by counsel, filed a single document titled "Petitioner's Response in Opposition to the Respondent's Motion for Summary Judgment and Motion for Summary Judgment" but docketed it twice.  Under the local rules of this district, "[o]bjections to pending motions and affirmative motions for relief shall not be combined in one filing."  LR 7.1(a)(1).  In addition, "[e]very motion and objection shall be accompanied by a memorandum with citations to supporting authorities or a statement explaining why a memorandum is unnecessary."  LR 7.1(a)(2).  Although the document that was filed as both the opposition and a motion for summary judgment states that a memorandum in support is being filed on the same

date, no memorandum was filed.[1]  Therefore, Abram failed to properly oppose the Warden's motion and to support his own motion.

In his response to the Warden's motion for summary judgment and in his own motion, Abram notes that the material facts are not in dispute but asserts that the record must be supplemented by adding "copies of the statements that were provided to the trial court by the state during the March 24, 2004 Motion in Limine Hearing."  Motion and Opposition (document nos. 12 & 13) ¶ 1.  The Warden has not responded to Abram's assertion that copies of the cited statements need to be added to the record.

In habeas proceedings, the respondent is required to file copies of certain documents from the state court proceedings with the answer to the petition.  Rules Governing § 2254 Cases ("Habeas Rule") 5(d).  Here, the Warden filed the required documents, along with their appendices.  The judge also may direct the parties to expand the record to add other materials relating to the petition, although the opposing party must be given an opportunity "to admit or deny their correctness."  Habeas Rule 7.  Discovery in a habeas proceeding, however, requires leave of court which must be based on good cause.  Habeas Rule 6.

---

[1] The document docketed as Abram's opposition is described as "MEMORANDUM" in the docket, but the document filed is the same as the document filed as the motion for summary judgment.

Abram's request that the record in this case be expanded to include copies of statements provided during the hearing on his motion in limine should have been submitted to the court in a separate motion. See LR 7.1(a)(1). As presented, his request is not sufficiently developed to permit a ruling. In addition, if the statements he seeks are added to the record, the Warden must be afforded an opportunity to address them for purposes of summary judgment.

To avoid additional delay on the question of supplementation of the record, counsel shall address the issue as follows:

1. On or before **September 10. 2008,** counsel shall confer to identify the statements Abram asserts are required.

2. If they agree that the copies of the statements should be added to the record, they shall file a joint motion to expand the record to include those materials.

3. If they disagree as to whether the record should be expanded to include the statements, Abram shall file a motion to have the record expanded to include the statements, and the Warden will have **ten days** to file a response.

## Conclusion

For the foregoing reasons, the respondent's motion for summary judgment (document no. 9) and the petitioner's motion for

summary judgment (document no. 13) are denied without prejudice. The parties will be given an opportunity to refile their motions or file supplemented motions following the court's ruling on the issue of expanding the record.

**SO ORDERED.**

_____
Joseph N. LaPlante
United States District Judge

Dated:  August 28, 2008

cc:   Paul J. Garrity, Esq.
      Stephen D. Fuller, Esq.
      Ann M. Rice, Esq.