```
               UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE


Scott Abram

     v.                              Civil No. 07-cv-272-JL
                                     Opinion No. 2009 DNH 070
Warden, New Hampshire
State Prison
```

O R D E R

Petitioner, Scott Abram, seeks relief pursuant to 28 U.S.C. § 2254 from his state court conviction, contending that his Sixth Amendment confrontation rights were violated by limits placed on cross-examination during his criminal trial.  This court has jurisdiction under 28 U.S.C. § 1331 (federal question) and the Anti-Terrorism and Effective Death Penalty Act of 1996, § 2254(a).  Both Abram and the Warden of the New Hampshire State Prison move for summary judgment.[1]  For the reasons stated below, the Warden's motion for summary judgment is granted, and Abram's is denied.

**I.   APPLICABLE LEGAL STANDARD**

In the context of a habeas corpus proceeding, summary judgment is appropriate when the nonmoving party does not show a genuine issue of material fact that would require an evidentiary

---

[1] Abram filed an objection to the Warden's motion.  The Warden did not respond to Abram's motion.

hearing.  See Dugas v. Coplan, 506 F.3d 1, 8-9 (1st Cir. 2007); Bader v. Warden, 488 F.3d 483, 488 (1st Cir. 2007).  Both parties in this case move for summary judgment on undisputed facts, and neither contends that further evidentiary development is necessary to resolve the petition.  Therefore, the case is submitted on the papers.  See, e.g., Garcia-Ayala v. Lederle Parenterals, Inc., 212 F.3d 638, 643-44 (1st Cir. 2000).

When, as here, the state court adjudicated the petitioner's claim on the merits, collateral review of the state court decision is deferential.  Rompilla v. Beard, 545 U.S. 374, 404 (2005).  Pertinent to this case, "a federal court may not grant a state prisoner's habeas application unless the relevant state-court decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'"  Knowles v. Mirzayance, 129 S. Ct. 1411, 1418 (2009) (quoting § 2254(d)(1)).  The Supreme Court, however, need not have issued a decision directly on point to provide Supreme Court precedent, and courts are not precluded from considering decisions of lower federal courts to determine whether a state court decision is contrary to or an unreasonable application of federal law.  Evans v. Thompson, 518 F.3d 1, 10 (1st Cir. 2008).

**II.   BACKGROUND**[2]

In 1997, Abram married Evelyn Towne, who had three children: a daughter, A.A., and two sons, C.A. and K.A.  Abram and Towne then had two children together, M.T. and J.T.[3]  The family moved to Concord, New Hampshire, in 2000 when A.A. was eleven and C.A. was nine.  On November 4, 2002, A.A. and C.A. told their mother that Abram had been sexually abusing them for a long time.  The children reported that Abram sexually assaulted them and forced A.A. and C.A. to engage in sexual conduct together.  They also accused him of abusing their brothers, K.A. and M.T.  The assaults and abuse are described in more detail in Abram, 153 N.H. at 621.[4]

---

[2] The background facts are taken from the decision in State v. Abram, 153 N.H. 619, 621 (2006).

[3] Although the family is identified this way by the New Hampshire Supreme Court, the oldest child, A.A., described her family differently in her police interviews.  There, A.A. stated that her biological father was Clifton Abram, that she, C.A., and K.A. were his children.  She explained that her step-father was Scott Towne, her mother was Evelyn Towne, and that M.T. and J.T. were their children.  Because the defendant is Scott Abram, not Scott Towne as A.A. describes him, this court will use the names provided by the New Hampshire Supreme Court.

[4] In 1999, A.A. and C.A. reported that Abram was sexually abusing them, and A.A. said that Abram was also abusing their younger brothers, K.A. and M.T.  After C.A. recanted his accusations, however, A.A. also recanted her reports.  Those accusations are not at issue in this case.

Based on A.A.'s and C.A.'s reports, Abram was arrested and indicted on charges of aggravated felonious sexual assault and related offenses, stemming from the abuse of A.A. and C.A. between November of 2000 and November of 2002.  Before trial, the court denied Abram's motion to sever the charges involving A.A. from those involving C.A. and from the charges that he forced A.A. and C.A. to engage in sexual activity together.  The court also granted the State's motion to preclude evidence of A.A.'s and C.A.'s accusations that Abram had assaulted K.A. and M.T.

The jury convicted Abram of twenty-one counts of aggravated felonious sexual assault, four counts of endangering the welfare of a child, and one count of indecent exposure and lewdness.  On June 25, 2004, Abram was sentenced to a total of fifty to one hundred years in prison.  Abram appealed, arguing that the charges against him were improperly joined in one trial and that the trial court violated his rights under the New Hampshire Constitution and the Sixth Amendment of the United States Constitution by prohibiting cross-examination of A.A. and C.A. about their accusations that Abram abused K.A. and M.T.  The New Hampshire Supreme Court reversed Abram's convictions on nine of the offenses due to improper joinder and otherwise affirmed his

conviction.[5]  Abram then filed a petition for a writ of habeas corpus in this court.

**III.  ANALYSIS**

In support of his petition for a writ of habeas corpus, Abram asserts that the New Hampshire Supreme Court's decision affirming his convictions on all but nine of the charged offenses was an unreasonable application of clearly established federal law.  Specifically, Abram contends that the trial court's decision to preclude cross-examination of A.A. and C.A. about their accusations that Abram also sexually abused K.A. and M.T. violated his Sixth Amendment right to confront the witnesses against him.  The Warden accepts that the right to confront witnesses through cross-examination is clearly established federal law, as determined by the Supreme Court, but argues that Abram's reliance on White v. Coplan, 399 F.3d 18 (1st Cir. 2005), is misplaced and that the New Hampshire Supreme Court reasonably applied Supreme Court precedent.

---

[5]On remand, after Abram's first appeal, the trial court reinstated its original sentence, despite the reversal on appeal of Abram's convictions on nine offenses.  Abram appealed his sentence, contending that it was vindictive, and the New Hampshire Supreme Court agreed, vacating the sentence and remanding the case for resentencing.  State v. Abram, 156 N.H. 646, 655-56 (2008).  Abram was resentenced to thirty to sixty years.

A.   <u>Clearly established federal law</u>

"The Confrontation Clause of the Sixth Amendment guarantees the right of an accused in a criminal prosecution 'to be confronted with the witnesses against him.'"  <u>Delaware v. Van Arsdall</u>, 475 U.S. 673, 678 (1986).  Essential to that right is the ability to cross-examination adverse witnesses.  <u>Id.</u> at 679.  The right is not unbounded, however, and reasonable limits may be imposed on cross-examination "based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant."  <u>Id.</u>

Abram relies on the holding in <u>White v. Coplan</u>, 399 F.3d 18, 27 (1st Cir. 2005), to support his contention that the New Hampshire Supreme Court's decision, affirming the trial court's decision to preclude cross-examination of A.A. and C.A. about their accusations pertaining to abuse of K.A. and M.T., violated the Sixth Amendment.  The Warden argues that § 2254(d)(1) is limited to consideration of Supreme Court cases, precluding reliance on <u>White</u>.  Therefore, the Warden contends, <u>White</u> is inapplicable here.

As is noted above, although § 2254(d)(1) refers to federal law as determined by the Supreme Court, that reference does not limit reviewing courts to Supreme Court cases.  The decisions of the courts of appeals "inform the analysis of Supreme Court

6

holdings to determine whether a legal principle ha[s] been clearly established by the Supreme Court." Hereford v. Warren, 536 F.3d 523, 528 (6th Cir. 2008). Those decisions may state the clearly established federal law or show how a general standard articulated by the Supreme Court applies in particular factual circumstances. Evans, 518 F.3d at 10. Therefore, White v. Coplan is an appropriate source for determining clearly established federal law under § 2254(d)(1).

B. Facts

Abram, who is represented by counsel, brought his petition for habeas relief under § 2254(d)(1). He asserts that no factual issues exist in this case, and he does not challenge the factual basis of the state court's decision as a ground for habeas relief.[6] C.f. § 2254(d)(2) (providing habeas relief when the adjudication of a claim in state court "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"). He states that his petition raises only a legal issue as to whether the New Hampshire Supreme Court's decision is contrary to or and unreasonable application of Sixth Amendment jurisprudence as interpreted by White.

---

[6] Abram asked to supplement the record with transcripts of interviews of A.A. and C.A., which was granted, but did not request a hearing.

Nevertheless, Abram argues that A.A.'s and C.A.'s accusations that Abram sexually abused K.A. and M.T. were false, and cites the record in an attempt to support his argument. The New Hampshire Supreme Court, however, concluded that Abram had not shown that A.A.'s and C.A.'s accusations were false. Abram, 153 N.H. at 632-33. Because Abram failed to show the unusual circumstances required under White, the court held that the demonstrably false standard applied. Id.

Abram did not raise a claim under § 2254(d)(2) as a ground for habeas review. Even if that ground had been raised, however, Abram would face a heavy burden to show that the state court's factual determination was unreasonable.[7] See Schriro v. Landrigan, 550 U.S. 465, 473-74 (2007); Rice v. Collins, 546 U.S. 333, 338-39 (2006). The materials Abram submitted for habeas review, to support his theory that A.A. and C.A. falsely accused him of sexually abusing K.A. and M.T., do not establish that to be the case. Consonant with the supreme court's conclusion, the record is at best unclear and tends to show that A.A. and C.A. were truthful. Therefore, a claim under § 2254(d)(2) would not have been successful in this case.

---

[7] "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." § 2254(e)(1).

C.  <u>Contrary to or an unreasonable application of federal law</u>

Abram contends that the decision affirming the trial court's ruling, which barred cross-examination of A.A. and C.A. about their accusations involving sexual abuse of their brothers, was contrary to or an unreasonable application of federal law interpreting the Sixth Amendment.[8]  Specifically, Abram argues that he should have been allowed to cross-examine A.A. and C.A. to impeach their credibility, because their accusations were strikingly similar to their accusations against Abram about their own sexual abuse and were false.  Abram asserts under the Sixth Amendment's Confrontation Clause, as interpreted in <u>White</u>, he was entitled to pursue cross-examination.

In <u>White</u>, the defendant was charged with sexual assault against two young girls, the daughters of a friend.  399 F.3d at 19.  They were the only witnesses who testified that the assaults occurred.  <u>Id.</u> at 20-21.  At trial, White sought to cross-examine each girl about three prior accusations of sexual assault the girls had made.  <u>Id.</u> at 21.  In one case, the accused was found

---

[8] In his petition for a writ of habeas corpus, Abram asserted that the state court decision was both "contrary to, and involved an unreasonable application of" federal law.  Pet. at 1. Specifically, he argued that New Hampshire's evidentiary rule which requires a showing that prior accusations are clearly and convincingly untrue to allow cross-examination is contrary to the Sixth Amendment.  For purposes of summary judgment, Abram argued that "the Court's decision involved an unreasonable application of clearly established federal law."  Mem. ¶ 15; <u>see also</u> Mem. ¶ 18.

not guilty; in another, no charges were brought, and in the third, the police never identified the accused individual.  Id.

In support of his motion to allow cross-examination, White argued that the girls' prior accusations were similar to their accusations against him and that the evidence related to the girls' credibility and their prior sexual knowledge.  The court ruled, based on New Hampshire law, that such prior accusations would have to be "demonstrably false" to be admissible, which was not the case, disagreed as to the similarity of the accusations, and expressed concern about unnecessary prejudice and invasion of privacy for the girls.  Id. at 22.  On appeal, the New Hampshire Supreme Court ruled that White had shown a "reasonable probability" that the girls' prior accusations were false but had not shown that the prior accusations were demonstrably false, which is equated with clear and convincing evidence.  Id.  The court affirmed White's conviction.  Id.

White brought a federal habeas corpus action in this court, which was denied, and White appealed.  The First Circuit noted that under Supreme Court precedent, "cross-examination [is] an essential constitutional right for a fair trial, subject to 'reasonable limits' reflecting concerns such as prejudice, confusion or delay incident to 'marginally relevant' evidence." Id. at 24.  The First Circuit interpreted Supreme Court cases to require "a balancing of interests depending on the circumstances

of the case," which required consideration of the importance of the evidence, the extent of the evidentiary ban, and the strength of the interests weighing against the evidence.  Id.  Under that standard, the court ruled that New Hampshire's evidentiary rule barring cross-examination absent proof that a prior accusation is demonstrably false is "generally defensible . . . [but] it may on particular facts be applied to produce an unconstitutional infringement."  Id.

For purposes of appeal, White narrowed his claim to the right to cross-examine the witnesses about their prior accusations.  Id. at 26.  The court noted the limitation on White's claim and explained that offering extrinsic evidence to show that prior accusations were false "requires more witnesses and documents, and so greater risks of confusion and delay" and was not the kind of evidence that has traditionally been admitted.  Id.  The court ruled, however, that in extreme cases, where a victim's prior accusations are "of a quite similar character to the present one" and the court has ruled that "the prior accusations (or at least two of them) were false to a reasonable probability," the Sixth Amendment requires that the defendant be permitted cross-examination.  Id. at 27.

In Abram's case, the New Hampshire Supreme Court discussed the holding in White and applied White to the circumstances of Abram's case.  153 N.H. at 632-33.  As to the similarity of the

charges against Abram to A.A.'s and C.A.'s accusations about Abram's abuse of their brothers, the court concluded that because the additional accusations were not about abuse to themselves but instead involved their brothers, those accusations were not as probative as the prior accusations in White, which involved the same victims. The court concluded that "admission of evidence concerning [K.A. and M.T.] would produce significant confusion of the issues, likely resulting in a 'trial within a trial,' and potentially causing substantial delay."[9]  Id. at 633.

More importantly, neither the trial court nor the New Hampshire Supreme Court found that A.A.'s and C.A.'s accusations involving Abram's abuse of K.A. and M.T. were false or false to a reasonable probability. Abram, 153 N.H. 632-33; cf. White, 399 F.3d at 27. To the contrary, the supreme court reviewed the evidence Abram offered to show that A.A.'s and C.A.'s accusations of abuse of their brothers was false and found it wanting. Id.

The supreme court concluded that Abram "has not asserted the type of 'extreme' and 'unusual' facts that were present in White . . . [and held] that the application of the 'demonstrably false'

---

[9] The supreme court focused primarily on appropriate limitations on cross-examination, as opposed to the similarity of accusations (albeit involving different victims) as discussed in White. See 399 F.3d at 27. A.A.'s and C.A.'s accusations that Abram also sexually assaulted their brothers, K.A. and M.T., were very similar to their accusations about their own sexual abuse, and were particularly similar to the accusations about C.A. That question, however, is only half of the White analysis.

requirement to the particular facts before [them] did not violate the defendant's due process and confrontation rights under the Federal Constitution." Id. at 633.  The supreme court's decision, taken as a whole, was neither contrary to nor an unreasonable application of federal law under Supreme Court precedent, as interpreted by White.  Therefore, Abram has not shown that he is entitled to judgment in his favor as a matter of law.  The Warden is entitled to summary judgment.

**IV.   CONCLUSION**

For the reasons stated above, based on the undisputed facts as presented by the parties in their motions for and oppositions to summary judgment, Abram is not entitled to a writ of habeas corpus under § 2254(d)(1).  Summary judgment is granted in favor of the Warden.[10]  Abram's motion for summary judgment[11] is denied.

Abram's petition for a writ of habeas corpus is denied.  The clerk of court shall enter judgment accordingly and close the case.

---

[10] Document no. 25.

[11] Document no. 26.

13

**SO ORDERED.**

_____
Joseph N. LaPlante
United States District Judge

Dated:  May 20, 2009

cc:  Paul J. Garrity, Esq.
     Ann M. Rice, Esq.
     Stephen D. Fuller, Esq.